**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| COLE THOMAS, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:19-CV-1322 |
| EASTPOINT RECOVERY GROUP, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

Now comes COLE THOMAS ("Plaintiff"), complaining as to the conduct of

EASTPOINT RECOVERY GROUP, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action for damages pursuant to the Fair Debt

Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* Plaintiff further brings

this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), to have this

Court declare Defendant violated Buffalo Municipal Code § 140-9.

### JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to the FDCPA.  Subject

matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the

action arises under the laws of the United States.

[ 1 ]

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant's

principal place of business is located in this District, and a substantial portion of the

events giving rise to the claims occurred within this District.

### PARTIES

4.      Plaintiff is a natural person residing in the State of Ohio.

5.      Defendant is a third-party debt collector headquartered in New York that

regularly collects upon consumers in the State of Ohio.

6.      Defendant acted through its agents, employees, officers, members,

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.      Plaintiff defaulted on a loan taken out for personal (not business)

purposes.

8.      Earlier this year, Plaintiff began receiving calls from Defendant in

connection with collecting the purported debt.

9.      Defendant threatened Plaintiff, stating that Defendant would file a lawsuit

against Plaintiff if Plaintiff did not pay the purported debt.

10.     On information and belief, Defendant does not have the legal authority to

file a lawsuit against Plaintiff.

11.     In the alternative, Defendant does not actually intend to file a lawsuit

against Plaintiff.

12.      Further, Defendant falsely threatened Plaintiff, stating that Defendant would repossess the tools Plaintiff acquired via the loan if Plaintiff did not pay the purported debt.

13.      On information and belief, the purpose of Defendant's threats was to harass Plaintiff into paying the purported debt, and Defendant had not legal authority to repossess Plaintiff's tools.

<u>COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

14.      Plaintiff realleges the paragraphs above as though fully set forth herein.

15.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA, or, in the alternative, he is a person with "injurious exposure" to conduct violating § 1692e of the FDCPA.

16.      Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

17.      In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18.      The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a loan used for personal purposes.

19.    Defendant's actions violated:

a.  § 1692d because Defendant threatened to use criminal means (theft) to

harm Plaintiff's property;

b.  § 1692e, generally, because Defendant made false, deceptive, and

misleading representations or means in connection with the collection of a

debt;

c.  § 1692e(4) because Defendant falsely represented or implied that he would

seize Plaintiff's property; and

d.  § 1692e(5) because Defendant threatened to take legal action that cannot

legally be taken, or, in the alternative, that Defendant does not intend to

take.

### COUNT II—DECLARATORY JUDGMENT ACT

20.    Plaintiff realleges the above paragraphs as though fully set forth herein.

21.    Pursuant to 28 U.S.C. §§ 2201(a), where there is an "actual controversy

within its jurisdiction . . . any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought."

22.    Here, there is an actual controversy between Plaintiff and Defendant as to

whether Defendant violated Buffalo, New York, Municipal Code § 140-9.

[ 4 ]

23.     Buffalo, New York, Municipal Code § 140-9 states that "Every applicant

for a collection agency license . . . shall deposit with the Commissioner of Permit and

Inspection . . . a bond in the penal sum of $5,000."

24.     Further, Buffalo, New York, Municipal Code § 140-9 states that collection

agencies "shall pay all damages occasioned to any person by reason of any

misstatement, misrepresentation, fraud, or deceit or any unlawful act or omission."

25.     Plaintiff seeks a declaratory judgment that Defendant committed a

misstatement, misrepresentation, fraud, or deceit or any unlawful act or omission as

laid out in the preceding counts.

26.     If Defendant is found to have committed such acts, Plaintiff will be

entitled to recoup his damages out of the $5,000 bond Defendant is required to maintain

under Buffalo, New York, Municipal Code § 140-9.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment

as follows:

**a.**     Awarding Plaintiff statutory damages of $1,000.00 as provided under

15 U.S.C. § 1692k(a)(2)(A);

**b.**     Awarding Plaintiff actual damages, in an amount to be determined at

trial, as provided under 15 U.S.C. § 1692k(a)(1);

**c.**     Awarding Plaintiff costs and reasonable attorney fees as provided under

15 U.S.C. § 1692k(a)(3);

**d.**     Declaring that the practices complained of herein are unlawful and violate

the aforementioned bodies of law, including specifically, Buffalo, New York,

Municipal Code § 140-9; and

**e.**     Awarding any other relief as this Honorable Court deems just and

appropriate.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**


Dated:  September 26, 2019

<div style="margin-left: 50%">

By:  s/ Jonathan Hilton
<u>Jonathan Hilton (0095742)</u>
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com

</div>